## STATE
### vs.
## FRANK VENTOLA, ALIAS CONTI

Superior Court    New Haven County    File #5877

Present: Hon. CARL FOSTER, Judge.

Samuel E. Hoyt,                Attorney for the Plaintiff.

William Geenty;
Walfred Lundberg,             Attorneys for the Defendant.

■■■■■■■■■■■■■■■■■■■■■■

**MEMORANDUM FILED SEPTEMBER 22, 1936.**    122 Conn. 635

FOSTER, J.  This prosecution is instituted under **General Statutes, 6168**, which provides a penalty for anyone convicted of giving or offering anything to any person summoned or who may be used as a witness in any civil or criminal proceeding with intent thus to delay, influence or hinder him from appearing as a witness or from giving his testimony in any such proceeding.

In the information it is charged that the accused offered and paid to Carmine Riolini $200 with intent to influence his testimony and conduct in a certain civil proceeding, to wit: the proceeding brought by the Grievance Committee of the Bar of the County of New Haven against one Daniel Pouzzner.

The accused moves that the information be quashed on two grounds:  (1) that the proceeding for the disbarment of Daniel Pouzzner is neither a civil nor a criminal proceeding; and (2) that it is not alleged in the information that the accused attempted to cause Carmine Riolini to testify falsely in such proceeding.

The essence and true intent of the statute is to provide a penalty applicable to the tampering with a witness in any proceeding before the Court.  It is difficult to conceive of a proceeding in Court that would not be either a civil or a criminal proceeding.  Many proceedings are held before the Court that are neither actions nor suits nor prosecutions.

The word "proceeding" is as broad a word as may be used. An examination of the derivation of the word indicates that it is anything that moves forward; and so this word has been applied to business and affairs of many kinds. The matter of disbarment to which reference is made is not an action or a suit or a criminal prosecution. It is a proceeding "sui generis". **In re Peck, 88 Conn. 447, 453.** It has been characterized as a "proceeding" by our Supreme Court. **In re Peck, supra; Grievance Committee vs. Broder, 112 Conn. 263.** It is not a criminal proceeding. **In re Peck, supra.** The right to practice the profession of the law is one limited by statute to certain persons given such right by the state in accordance with statute law. It is a civil right. Proceedings for the disbarment of a man who has been accorded the right to practice such profession concerns such civil right and is a civil proceeding. The derivation of the word "civil" and the many meanings accorded to this word is an interesting subject for examination.

The accused claims that it is to be presumed that the statute is only applicable to one who attempts to influence a witness to testify falsely, even though the word "falsely" does not appear in the statute. If this be so,—and it is not necessary to decide the question—then it follows that an information in the words of the statute is subject to the same presumption as the statute.

The motion to quash the information is denied.